## BRANDE *v.* GILCHRIST and another.

*'Circuit Court, E. D. Wisconsin.* November 22, 1883.)

1. REMOVAL—COUNTER-CLAIM—SEPARABLE CONTROVERSY.

   A counter-claim interposed by one of two defendants, in a suit in equity in the state court, does not survive a removal of the cause to the federal court; and, no cross-bill having been filed, such counter-claim cannot be recognized as presenting a separable controversy between two of the parties to the suit, authorizing a removal under the act of 1875.

2. SAME—PLEADING—CROSS-BILL.

   The rules of chancery practice in the federal courts do not recognize a counter-claim as a valid form of pleading. A controversy in an equity suit, which would be raised by a counter-claim in a state court, in a federal court must be presented by a cross-bill.

Motion to Remand Cause.

*J. V. Quarles,* in support of motion.

*Geo. P. Miller, contra.*

DYER, J. This is a suit in equity, begun in the state court, to enjoin the sale on execution of certain real estate, alleged by the complainant to be her separate property, but levied on to satisfy a judgment recovered by the defendant Gilchrist against one Samuel Y. Brande, it being claimed by the defendants that Brande is in fact the owner of the property, and the defendant Blackman being the officer who made the levy under the writ of execution. The complainant and the defendant Blackman are citizens of Wisconsin. The defendant Gilchrist is a citizen of New York. Both defendants answered the bill of complaint. The answers deny that the complainant is the owner of the lands upon which the execution levy was made, and allege that the ownership thereof is in the judgment debtor, Samuel Y. Brande. They also allege, among other things, that the title asserted by the complainant was derived from her father, the judgment debtor; that the conveyance under which she claims was without consideration, was made with intent to hinder and defraud creditors, and is therefore void. The answer of the defendant Gilchrist also contains an equitable counter-claim, which, in amplified form, repeats the allegations of that part of the pleading which constitutes the answer proper, and demands affirmative relief, to the effect that the conveyance from Samuel Y. Brande to the complainant may be adjudged fraudulent, and that the lands in question may be held to be the property of the judgment debtor, and subject to execution levy and sale on the judgment against him. The counter-claim was demurred to in the state court and the demurrer was overruled. The complainant then removed the case to this court under the act of 1875.

The defendants now move to remand for want of the requisite citizenship of the parties, both the complainant and the defendant

Blackman being citizens of this state. Aside from the counter-claim set up in the answer of the defendant Gilchrist, the issues raised by the pleadings are such as to make both of the defendants necessary parties to the controversy. The primary object of the suit is to enjoin and prevent the sale of the lands in question on the execution against Samuel Y. Brande, and clearly, Blackman, the officer holding and proceeding to enforce the execution, is as much a necessary party to the controversy as it is thus presented, as is the judgment creditor, Gilchrist. If, therefore, no counter-claim had been interposed by the last-named defendant, the case would be one within the rulings of Mr. Justice HARLAN in *Mitchell* v. *Tillotson*, 12 FED. REP. 737, and *Price* v. *Foreman*, Id. 801, and the cases therein cited. The suit, in that aspect of it, would embrace a single, indivisible controversy, on one side of which would be the complainant, a citizen of Wisconsin, and on the other side of which would be, as indispensable parties defendant, Gilchrist, a citizen of New York, and Blackman, a citizen of Wisconsin.

But it is insisted, in opposition to the motion to remand, that the counter-claim in the answer of the defendant Gilchrist raises a separable controversy between him and the complainant, to which the defendant Blackman is not a necessary party, and that, therefore, this court has jurisdiction of the cause; and upon this point—which appears to be new—the disposition of the present motion depends.

The contention of the complainant, in the opinion of the court, is not maintainable. It is to be borne in mind that this is a suit in equity, and must therefore, in this court, be governed by the rules of equity practice. The counter-claim, it is true, is a form of pleading which, even in such a suit as this, is recognized as proper in the state court practice. But here it can have no recognition as a counter-claim. No such form of pleading is permissible in this court in a suit in chancery. The controversy raised by the counter-claim, if insisted on here, must be presented by cross-bill. This being so, the controversy arising upon the counter-claim, and to which it is said the complainant and the defendant Gilchrist alone are necessary parties, did not, in its original form, survive the removal of the cause to this court. This must be so, if this court cannot recognize the counter-claim as a proper or valid form of pleading, and cannot adjudicate the rights of the parties under it. It is said, however, that the defendant Gilchrist has the right to file a cross-bill and thus litigate the controversy presented by the counter-claim. *Non constat* that he will do so or wishes to do so. No application has been made for leave to file a cross-bill. No indication has been given to the court of a purpose to ask such leave. The court must therefore consider the point at issue upon the pleadings as they stand. In the determination of this motion, it cannot anticipate a changed form of pleadings or the institution of a different character of proceedings. The question is, upon the pleadings as now presented; and, as the

court is now bound to consider and act upon them, is there a separable controversy in the case which is wholly between citizens of different states? It is not entirely clear, even if this court could recognize the counter-claim, that the defendant Blackman is not a necessary party to the controversy thereby presented. But I do not decide that he is. In any event, I am constrained to hold that the controversy raised by the counter-claim is one that this court cannot, upon the present motion, take cognizance of; in other words, that, being presented as a counter-claim in what is purely a suit in equity, it does not in such form, after removal of the cause, survive in this court.

Motion to remand granted.